IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS JAMES RADFORD,<br><br>    Defendant. | **MEMORANDUM DECISION**<br><br>Case No. 2:20-cr-00347 DS<br><br>District Judge David Sam |

This matter is before the court on Defendant Thomas James Radford's Motion for Early Termination of Probation pursuant to 18 U.S.C. § 3564(c). After carefully considering the briefing and the input by the United States and U. S. Probation, and for the following reasons, the court hereby denies Mr. Radford's motion.

On November 1, 2021, this court sentenced Mr. Radford to 60 months' probation pursuant to an 11(c)(1)(C) plea agreement. The applicable guideline range in Mr. Radford's case, based in part on his Criminal History Category IV, was 100 to 125 months imprisonment, and he was "ineligible for probation." Because of mitigation evidence and the fact that Mr. Radford had obtained stable housing, the United States was persuaded to request the significant variance. Doing so allowed Mr. Radford to continue the work he was doing in RISE Behavior Health Court, while providing the United States with the ability to revoke his probation and sentence him on his underlying conduct if he violated the terms of probation.

In early 2024 Mr. Radford did violate the terms of his probation when he relapsed. His relapse was significant enough that he lost his job because of it.  Nevertheless, despite that relapse and the difficulty he has had complying with testing requirements because of health

issues, he was allowed to continue on probation and the matter was not brought to the court for possible revocation under 18 U.S.C. § 3564.

After serving three of his five years' probation, Mr. Radford, through his counsel, now moves the court for early termination of his probation, pursuant to 18 U.S.C. § 3564(c). In addressing the 3553 factors, Mr. Radford notes, among other things, that he has taken his supervision seriously since his arrest and has done exemplary work while on probation.  He has remained clean and sober, and when faced with a one-time lapse, he responded appropriately and got back on track. He helps others maintain their sobriety and mental health. He has created a better life for himself in all respects and is giving back to the community that supported him. Mr. Radford has paid all his financial obligations in full. There was no restitution ordered in the case.

Meriska Holt, Mr. Radford's probation officer, believes that he has reached maximum benefit from supervision, and having made good strides in all areas of his life, he should be granted an early termination of his probation. Mr. Radford has completed all the conditions of his supervision. He wants to be done with probation so he can work more broadly in his new career as a peer support specialist.  He has worked diligently in treatment, and he has stable housing.

The United States, however, strongly opposes the motion, arguing that neither Mr. Radford's conduct nor the interests of justice support, let alone compel, early termination in this case. Significantly, Mr. Radford is not serving a period of supervised release after a period of incarceration; his term of probation is his sentence. The fact that he relapsed earlier this year indicates that he continues to struggle to comply with his treatment and testing requirements. His sentence of probation has provided him incentive to continue his work on his mental health issues and to maintain his sobriety. Specifically, he may remain out of prison if he does so, and

he faces revocation if he does not. The United States asserts that removing that structure mere months after a relapse and before the holidays seems like a bad idea. Finally, allowing Mr. Radford to terminate his probation early would further amplify the sentencing disparity between him and his codefendants, two of whom served 60-month prison terms.

The court agrees that Mr. Radford's journey from addiction to certification as a peer specialist in RISE Behavioral Health Court and with Mental Health America has been an impressive one. The court commends his willingness to give of himself to help others. Continued probation should not be seen as punishment. Rather, probation for the full sentence term of 60 months reflects the judicial system's continued commitment to Mr. Radford.  He will have resources for treatment and testing should he need them. And studies have shown that extensive treatment results in a diminished recidivism rate.[1]

For the above reasons, the court denies Mr. Radford's motion for early termination of probation.

DATED this   9th   day of December, 2024.

BY THE COURT:

_____
DAVID SAM
United States District Judge

---

[1] *See* Tomaz, V., Moreira, D., and Souza Cruz, O., *Criminal Reactions to Drug-Using Offenders: A Systematic Review of the Effect of Treatment and/or Punishment on Reduction of Drug Use and/or Criminal Recidivism,* 14 *Frontiers in Psychiatry* 935755 (2023), https://doi.org/10.3389/fpsyt.2023.935755.